Good morning, Your Honors. Elias Batchelder, pro bono attorney for Mr. Rios-Palacios. At this time, I'd like to reserve one minute for rebuttal. Thank you. Thirty-six years ago, when Mr. Rios-Palacios was one year old, he came to the United States. In 2006, he was deported to Mexico. Despite the fact that there was no – there was not sufficient evidence to establish that he had committed an aggravated felony, and despite the fact that the government's second successive deportation proceeding should have been barred by the equitable doctrine of res judicata. Before I address those two substantive issues, I would like to address one procedural bar raised by the government in their response, that of exhaustion of remedies. The government intends that Mr. Rios-Palacios failed to exhaust his modified categorical claim, and therefore, this court has no jurisdiction to review it. With respect to exhaustion of the modified categorical claim, there are two distinct reasons why Mr. Rios-Palacios should not be barred. But the first and most important is that his entire argument is based on a case that was decided after briefing to the BIA had been completed. Indeed, it's the government's own position in this very same case that, with respect to the res judicata claim raised by Mr. Rios-Palacios, the board's failure to address the issue was excused by the fact that Bravo-Pedroza was issued after briefing to the BIA was completed. For this reason, Mr. Rios-Palacios should also be excused from raising the issue of Ruiz Vidal in his Moreover, Patel v. Gonzalez, cited by Mr. Rios-Palacios in his brief, specifically applies this court's decision, Alcarez v. INS, to the intervening case authority. Moving to the merits of the modified categorical claim. This case really presents a fairly simple application of this court's holding in Ruiz Vidal v. Gonzalez, as analyzed under this court's modified categorical analysis as advocated in United States v. Snellenberger. Under Ruiz Vidal, if the state's definition of controlled substances is over-inclusive in comparison to the federal government's Controlled Substance Act definitions, then it's the government's burden to prove by clear and convincing evidence of the record of conviction the substance underlying the convictions. Nothing in the record here substantiates that burden. Although there is a charging document on page 232 of the record which references the identity of the substance, the charging document alone is insufficient. And under United States v. Snellenberger, even in combination with minute orders that we have in this case, we have the minute orders of the plea proceedings at 238 and 245, is insufficient. And we similarly have minute orders of the sentencing at 242 and, sorry, it's the minute orders of the sentencing that are at 238 and 235, and the minute order of the plea proceedings, I believe, are at 235 and 242. But regardless, under United States v. Snellenberger, these documents in combination with the allegations that are contained in the charging document are not sufficient to prove by clear and convincing evidence the identity of the substance underlying the claim. Well, Snellenberger is being reheard on bonk, so I think that's a dubious ---- Well, actually, there's other case law that holds precisely the same thing. In Lee v. Dow, this Court said that absent the critical language as charged in the indictment ---- Right. I take your point. Okay. So ---- It goes to the minutes. Snellenberger goes to the minutes, and that's a question we'll revisit when we rehear this, we hear it on bonk in June. Okay. So with respect to the drug paraphernalia conviction, I'd just like to make the point that although this Court previously addressed in a well-written opinion by Judge Trott for the Court in Lew Lay v. INS ---- All of its opinions are well-written. You don't even need to use the modifier. That a conviction for drug paraphernalia possession under the Arizona statute could be a statute relating to a violation of the INS. That case did not address the situation that is presented in this case where there's insufficient evidence of the substance underlying that conviction. In fact, in Lew Lay, it addressed a separate issue, quote, the Court rejected Lew Lay's suggestion that 133515 does not necessarily relate to a controlled substance because it criminalizes the nondrug-related use of an object potentially characterized as drug paraphernalia, such as a spoon or a balloon. The Court did this by analyzing the text of the Arizona statute itself, which clearly tied the use of drug paraphernalia to dangerous drugs as defined under Arizona law. That's ARS 133415 F1 and 2. But for that very reason, Lew Lay is inapplicable in this case because drug under Arizona law, dangerous drug, is over-inclusive and therefore requires application of this Court's modified categorical analysis. Now, with respect to the res judicata argument, this Court recently held in Bravo-Pedroza v. Gonzales that when there's a prior final judgment on the merits in a separate action, the doctrine of res judicata will bar a successive proceeding. Because without prejudice mean anything there. Yes. Well, I've discussed that. I'll go through the elements with you. Without prejudice, normally Mr. Rios-Palacios concedes without prejudice has the intention of allowing a party to refile. But as Mr. Rios-Palacios cited in his brief in American States, that Seventh Circuit decision, where the judge misdescribes as without prejudice a disposition, that, it's not dispositive merely because the district court says without prejudice. In fact, if you look at the record here, the district court says at page 68 that, sorry, not the district court, the I.J., says that the government was, quote, without restriction whether it be on the same charge or different charges to bring the very same claim. In other words, it was the I.J.'s intent to just allow the government to bring the same charge on the same facts, which just can't be dispositive. Now, there was, in fact, a separate proceeding, even though he characterized his dismissal as without prejudice. Normally without prejudice you have the same proceeding and it continues. But in this case there's a separate proceeding. There's a second notice to appear. Instead of filing for a motion to reopen or a motion to continue the original proceedings, the motion to appear, which this court has held in Hymena's Anhales v. Ashcroft, is the beginning of an immigration proceeding. I also put to this court's attention the federal statute discussing the conclusion of immigration proceedings, which is 8 U.S.C. 1229 A.C. 1, which indicates that, quote, at the conclusion of the proceeding the immigration judge shall decide whether an alien is removable from the United States. The determination of the immigration judge shall be based only on the evidence produced at the hearing. This contemplates a single hearing. And, moreover, at page 36 of the record, the I.J. made his determination that the charge cannot be substantiated on the allegations brought. Now, again, with respect to whether the I.J. had the authority to issue a dismissal without prejudice, the government knows how to draft regulations allowing for a dismissal without prejudice. 8 C.F.R. 1239.2C says, after the commencement of proceedings, government counsel may move for dismissal of a matter on the ground set out. Dismissal of the matter shall be without prejudice to the alien or the Department of Homeland Security. In other words, it's obvious that Congress knows how to provide for the I.J. getting the authority to move for a dismissal without prejudice, and it did not do so in this case. You have about a minute left. Do you want to reserve? I will reserve. Yes, thank you. May it please the Court, my name is Lauren Facette, and I represent the Respondent, the United States Attorney General. The issues that Petitioner has raised have not been exhausted, and therefore the Court lacks jurisdiction over these issues. Let's take the race judicata issue first. In the section, in his brief to the BIA, Rios Palacios argued that with respect to the issuance of the DHS of a new notice of appear on the same grounds of removability against Respondent, DHS fails to establish the reasons for the issuance since then have not been argued. It goes on, he argues there's a valid and final judgment that precludes a second suit between these parties on the same claim litigate or any part thereof. Why wasn't that sufficient to raise the race judicata claim? Well, Your Honor, he mentions this issue in the factual and procedural history section of his brief. However, he says race judicata. He does say the word race judicata. However, in his notice of appeal to the Board, he mentions nothing at all about this. The only issue he raises is the issue of cancellation of removal. In his appellate brief to the Board, he only discusses, he doesn't mention it in the opening. He only requests that they reverse the IJ's finding of ineligibility relating to cancellation in the issues presented in the summary of the argument, in the argument, and in the conclusion when he again asks for his relief regarding cancellation. He never mentions this again. So what are we supposed to do with our general rule that pro se briefs are to be construed liberally in terms of our exhaustion requirements? Well, I would still submit that he even construed liberally has not exhausted it. General claims laid out in the factual procedural history just discussing sort of what happened is not enough for the Board to know that that's what he's raising, considering he doesn't mention it in his argument or any other section in the brief. I gather you believe that if we were to find or hold that he in fact had raised it sufficiently, that the proper remedy would be to remand to the Board for its consideration of that argument in the first instance rather than reaching the merits ourselves? Yes, Your Honor, absolutely. Did you file a motion to that respect for a remand in this case? Yes. The respondent did file a motion to remand, but it was denied by the Court. So you don't have any objection to that, then, I would imagine? To? Remand. No. Well, in the sense that we feel like he didn't exhaust, we think there's no jurisdiction. But if the Court finds that he did exhaust, and there is jurisdiction with the race judicata claim, I think he absolutely did not exhaust the conviction issue. But regardless, his issues were not fully developed before the Board. Clearly the Board didn't have a chance to really address them, and remand would be the appropriate course to let them review this in the first instance, particularly because with regard to how Bravo-Pedroza might affect this case, that came out after the Board decision, so the Board definitely hasn't had a chance to apply that. I want to segue, because I was going to say, how do you deal with Bravo-Pedroza? Well, I... I know what your argument is in front of us, and you don't want to remand, but I mean, if we get to the merits of it, it would seem to give you some problems. Well, I have to emphasize that the Board would have to look at it in the first instance and apply it to the facts of this case, because... Well, we're going to argue to the Board if we remand it, just so we can get a preview of it, obviously. You never know whether you might reach the merits or not, so this is your opportunity. I wouldn't argue anything to them. We'll have to fix it for you next time. Hypothetically, I think there are distinguishing factors between Bravo-Pedroza and this case. Okay, what are those? But again, the Board really would need to address this in the first instance. I really would like your point of view on this case, because that would inform us. And I understand your remarks are being taken with all the caveats that you've just said. Okay. Well, there is the issue of the fact that the NTA was dismissed without prejudice, and that the IJ clearly stated that this was without prejudice. The petitioner didn't appeal that without prejudice issue. The appeal was waived at the time. And the very next day, in the second instance, the petitioner remained in detention during that time. There was no indication that this was the end of proceedings, that it was a terminated or final order of any kind. We don't even know why it was dismissed. We have a copy of that order, but we don't have any information about what happened, if there was any discussion. We don't have the transcript. But really, the Board would need to look at this and see whether Bravo-Pedroza applies. And maybe it does, maybe it doesn't. But they would be the most appropriate. The agency needs to have the first view of comparing these facts to how that case might affect this case. Is the modified categorical claim has not been exhausted? But if we reach the merits of that, we're sure. Well, that absolutely has not been exhausted. He conceded it from the beginning with the anywhere in his notice of appeal or his appeal to the Board. The Board absolutely has had no opportunity to address that issue or even look at that issue. And they would need to consider the facts of that and decide whether it does qualify. But there are indications in the record that he admitted the factual allegations. He conceded removability on many counts. In fact, he even lists that his drug was methamphetamine in his brief to the immigration judge at the record on 121. And again, in his cancellation application at 161, we have the charging document that says, count one, possession of dangerous drugs, and lists methamphetamine as the drug that he was found in possession of. And then we have the plea agreement arraignment proceedings that show he pled guilty to count one, possession of dangerous drugs, listing the same exact statutes. There's plenty in the record that would indicate that his conviction is certainly a conviction of immigration purposes. But that issue was not exhausted, so the Court has no jurisdiction over deciding that issue. And it would have to be, well, frankly, it just wasn't exhausted. But at that point, it would have to be remanded to the Board to consider it. You haven't exhausted your time. I think you've made your exhaustion argument. Anything else you want to add? Okay. No, the only other issue that was exhausted was the issue that was completely foreclosed by this Court's case law in Maldonado-Galindo regarding 240A-C6 bar of cancellation removal when you've previously been granted 212C relief. And Positioner has conceded that in his brief record anyway. Thank you. So if no further questions, thank you. If I may, I'd like to address two issues. One, the government's allegation that Ms. Maldonado-Galindo was the underlying substance in immigration proceedings. The record on this ---- Is that the issue, whether it was methamphetamine? That is the issue, whether it was ---- You're not going to win that, are you? And what was the substance? I don't have anything in the record to prove that, nor is there any record of conviction. In the record of conviction, there's nothing to substantiate that claim. So unless the government can come forward with evidence of what the substance was, yes, we will win. Right. I think the idea was if it's remanded, what hope do you have? That the government will not be able to provide the appropriate documentation of the record of the substance underlying the conviction. The ---- Explain to me how you think you ---- I understand, I think, how you excuse your argument on why you think we ought to excuse your failure to exhaust that issue or the Petitioner's failure to exhaust the issue. But you'd have to concede, if there's no excuse for that, that issue wasn't exhausted, right? I make no allegation that he raised it in the brief. There's nothing in the brief. There was a secondary argument that the claim itself required comparison of the Code of Federal Regulations, which Mr. Rios-Palacios did not have access to while in mandatory detention. If that issue is essential to this Court's judgment on that claim, you can remand him so that he can establish a record of his lack of access. He made an argument that he didn't have the CFRs when he was in mandatory detention and he could not possibly have raised this. The other issue is the remedy if this Court ---- the BIA simply ignored an argument that was raised in the brief. This Court's precedence regarding pro se petitions is very liberal. Zang v. Ashcroft is sort of the leading case on that matter. The BIA chose not to carefully read the brief and therefore ignored the issue. The government is now asking that additional years be taken for this to be sent back and then perhaps to be appealed again to this Court, while my clients respectfully submit his family life is being destroyed, he's been deported to a foreign country, and he wants to get back as soon as possible. So to the merits of his claim on the issue of res judicata, he asks that it does so. The BIA has no excuse for not reading the brief. And with respect to the issue of sending this back, Judge Schreier, you asked, well, what should we do if we remand this on the issue of modified categorical claim? But Ruiz-Zudal indicates that if the record is going to be the same when you send it back to the BIA and they're going to analyze the same documents, there's no need to remand. You can simply order the BIA to dismiss the deportation proceeding because they failed to present evidence, and that's essentially tying back to the res judicata argument, because you're now three, four years later after they initiated proceedings, they're going to try and reopen proceedings and, you know, add new facts while he's been litigating this entire time. It's a tremendous unfairness to Mr. Ruiz-Palacios and is violative of the very principles that res judicata is meant to enforce. Thank you. Thank you, counsel. Case just heard will be submitted. Next case on the oral argument calendar is Salia v. Mukasey. I'm probably mispronouncing that. I'm sorry. I was taking that out of order. Romero Ruiz is the next case v. Mukasey. I apologize.
judges: Trott, Thomas, Hogan